AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Eastern District of California

| | |
|---|---|
| United States of America<br>v.<br>Jesse Joseph Dore<br><br><br>_Defendant(s)_ | )<br>)<br>)  Case No. 6:26-mj-00022-HBK<br>)<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____June 13, 2026_____ in the county of _____Mariposa_____ in the _____Eastern_____ District of _____California_____, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 36 CFR § 2.35 (C) | Presence in a park area when under the influence of alcohol or a controlled substance to a degree that may endanger oneself or another person, or damage property or park resources, is prohibited. |

This criminal complaint is based on these facts:

See attached complaint affidavit.

☑ Continued on the attached sheet.

_Complainant's signature_

Sydney Emley USPR

_Printed name and title_

Sworn to me in accordance with Fed.R.Crim.P. 4.1.

Date: _____June 15, 2026_____

_Judge's signature_

City and state: _____Yosemite, CA_____

Helena M. Barch-Kuchta

_Printed name and title_

## <u>AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT</u>

### <u>BACKGROUND OF AFFIANT</u>

1. I, Sydney Patricia Emley, further state, I am a Law Enforcement Officer ("Officer"), employed by the National Park Service ("NPS"). I am a commissioned Law Enforcement Officer with the National Park Service. I was trained in conducting investigations at the Federal Law Enforcement Training Center where I graduated in June of 2025. I am certified in Standardized Field Sobriety tests.

2. The facts of this criminal complaint are based on my personal observations, on my training and experience, as well as my consultation with other LEOs. This affidavit is intended to show merely that there is sufficient probable cause for the criminal complaint and does not set forth all my knowledge about this matter.

### <u>JURISDICTION</u>

3. The facts set forth in this criminal complaint occurred on June 13, 2026, within the geographic boundaries of Yosemite National Park, California. Yosemite National Park is an area of federally owned public land administered by the NPS. Yosemite National Park is an area of the special maritime and territorial jurisdiction of the United States as defined by Title 18 U.S.C. § 7 (3): "Special maritime and territorial jurisdiction of the United States defined" and by Title 16 U.S.C. § 57: "Yosemite and Sequoia National Parks; exclusive jurisdiction of United States."

4. Yosemite National Park is located within Mariposa, Madera, Mono and Tuolumne Counties, all of which are located within the Eastern District of California.

## CHARGES

5. Based upon the facts set forth in this criminal complaint, I believe probable cause existed to believe that Jesse Joseph ("DORE"), violated the following laws of the United States on June 13, 2026, within Yosemite National Park:

   a. *36 CFR § 2.35 (C): Presence in a park area when under the influence of alcohol or a controlled substance to a degree that may endanger oneself or another person, or damage property or park resources, is prohibited.*

## PROBABLE CAUSE

6. On June 13, 2026, at approximately 19:14 hours, I United States Park Ranger (USPR) S. Emley, while on patrol on South Side Drive in Yosemite Valley observed a male who appeared to be passed out lying on his back in the median between Swinging Bridge parking and South Side Drive.

7. I exited my patrol car and observed a male later identified by California identification card as Jesse Joseph DORE, lying on his back with his head approximately 8 inches from the road and up against the curb. I approached DORE and asked if he was okay. DORE lifted his head and looked around. I repeated the question. DORE responded that he was okay.

8. I walked up to DORE and asked what he was doing. DORE stated that he had been biking around. DORE's speech was slow and slurred. I asked DORE how he ended up on the ground; he replied "I'm drunk".

9. When prompted DORE stated he had drunk 5 IPA beers approximately two hours ago. DORE stated he had been visiting from Groveland and was staying alone in a Curry Tent Cabin. DORE was sitting beside a bike and said he had been biking around the valley.

10. I conducted the Horizontal Gaze Nystagmus test on DORE. I observed lack of smooth pursuit in both eyes, distinct and sustained nystagmus in both eyes, and onset of nystagmus prior to 45 degrees in both eyes.

11. I asked DORE to stand up and walk over to the sidewalk. DORE pushed off the ground with both hands to get to his feet. Once on his feet DORE stumbled while turning and began falling toward the road that was less than a foot in front of him. I grabbed DORES' arm and helped him regain his balance. DORE began using the tree to his right for balance. I could smell the strong odor of alcohol about his person.

12. I informed DORE that I thought he had more than just 5 beers. DORE responded that he had been drinking hard alcohol. DORE stated he had drunk half a pint of vodka. I asked if that was normal for him, he stated it was not.

13. I instructed DORE once more to move onto the sidewalk. DORE stated he believed he could walk to the sidewalk. DORE took one step and began leaning sideways to his right and was unsteady. I held DORE's arm and assisted him in walking over to the sidewalk and taking a seat.

14. Due to DORE being unable to walk unassisted I did not ask DORE to participate in the remaining two standard field sobriety tests, the walk and turn and one leg stand. DORE consented to a preliminary test of his breath and blew a .421 at 19:25 hours.

15. I placed DORE under arrest for being under the influence of alcohol to the point of being a danger to himself. USPR Hays conducted a search of DORE's backpack. USPR Hays located a 750 mL bottle of vodka that was half empty and a mostly empty black metal water bottle that smelled of alcohol.

16. USPR Hays and USPR Woller transport DORE to Mariposa County Jail.

17. Jail staff conducted an additionally preliminary breath test. DORE blew a .34 at 21:20 hours.

## CONCLUSION

Based on the forgoing facts of this affidavit, I believe probable cause existed for the arrest of Jesse Joseph DORE for being under the influence of alcohol to a degree that endangers himself or other within Yosemite National Park on June 13, 2026.

Respectfully submitted,

Sydney Emley
United States Park Ranger
National Park Service
June 13, 2026

Sworn to me in accordance with Fed.R.Crim.P. 4.1:

Helena M. Barch-Kuchta
The Honorable
United States Magistrate Judge

June 15, 2026

Approved as to form by:

Christopher Dell Isola
US Park Ranger (Rule 180)
June 14, 2026

PAGE 4 OF 4